### IDELLA HARE v. THE STATE.

No. 4013. Decided March 29, 1916.

Rehearing denied April 19, 1916.

**1.—Assault to Murder—Verdict—Punishment.**

Where, upon trial of assault to murder, the punishment assessed was two and one-half years, and appellant contended that the verdict must fix the penalty in years and not in fractional parts of a year, such contention was untenable, under article 1026, Penal Code,

**2.—Same—Requested Charge—Sufficiency of the Evidence.**

Where the requested charge was fully covered by the court's main charge, and the evidence sustained a conviction of assault to murder, there was no reversible error.

Appeal from the District Court of Liberty. Tried below before the Hon. J. Llewellyn.

Appeal from a conviction of assault with intent to murder; penalty, two and one-half years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Marshall,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder and her punishment assessed at two years and six months confinement in the State penitentiary.

The only bill of exceptions in the record complains that the jury was unauthorized to assess the punishment at two and one-half years, and that a verdict must fix the punishment in years, and not a fractional part of a year. Article 1026 of the Penal Code provides the punishment to be assessed shall not be less than two years nor more than fifteen. Within these limits the jury has authority to fix the term of imprisonment at any length of time deemed advisable.

The special charge requested was fully covered by the court's main charge, and under such circumstances there was no error in refusing it.

The only other question presented is, it is insisted that the evidence is insufficient to sustain the conviction. If the evidence for the State was believed by the jury, it makes a plain case of assault to murder.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 19, 1916.—Reporter.]